```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 1, 2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
UNITED STATES OF AMERICA        :
:         15 Cr. 309 (KBF)
- v. -                          :
:         OPINION & ORDER
CESAR MARTINEZ and              :
CESAR ESTRELLA,                 :
:
:
             Defendants.        :
------------------------------------------------------------X

KATHERINE B. FORREST, United States District Judge:

On August 10, 2015, a Grand Jury returned a superseding indictment ("Indictment") against Cesar Martinez and Cesar Estrella. The Indictment charges defendants with a conspiracy to commit Hobbs Act robbery, attempted Hobbs Act robbery, and Hobbs Act robbery ("the Hobbs Act charges"), as well as assault of a federal officer. Defendants have moved to dismiss the Hobbs Act charges on the basis that even if the allegations in the Indictment are true, the Government will not be able to establish the requisite effect on interstate commerce. In addition, defendants separately move to dismiss the conspiracy count on the ground that the Government cannot establish that the two robberies described (in April of 2014 and March of 2015) are part of a single conspiracy.[1]

While defendants make interesting points in their motions, the law is squarely against them. "An indictment returned by a legally constituted and

---

[1] Separately, defendants also argue that there is no evidence that they conspired to commit the first robbery in April 2014. Defendants' briefs are silent as to whether the Government has presented evidence that the defendants conspired to commit the second robbery in March 2015.

1

unbiased grand jury . . . if valid on its face is enough to call for trial of the charge on the merits" and is not "held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury." Costello v. United States, 350 U.S. 359, 363 (1956).  Accordingly, defendants' motions to dismiss are DENIED.

I. BACKGROUND

On August 10, 2015, defendants were indicted by a federal grand jury.  The Indictment alleges that between April 2014 and March 2015, defendants conspired to rob drug dealers of drugs and cash; the cash allegedly represented proceeds from interstate drug trafficking activity.  In particular, the Indictment alleges that, on or about April 1, 2014, defendants attempted to forcibly rob an individual of a bag containing marijuana.  Then, eleven months later—on or about March 17, 2015—defendants robbed an undercover Drug Enforcement Administration ("DEA") agent of a backpack containing cash in excess of $100,000; the cash represented proceeds from interstate drug trafficking activity.  The Indictment alleges that in connection with the robbery, defendants assaulted an on-duty DEA agent, inflicting bodily injury.

II. DISCUSSION

A. The Hobbs Act Charges

Defendants argue that the various items they are accused of conspiring to rob and/or robbing—cash, marijuana, and/or a laptop[2]—would, even if proven, be

---

[2] Defendants argue that although the Indictment alleges that the defendants attempted to rob a bag of marijuana, "all the evidence indicates that what actually occurred was a completed (not attempted) robbery of a laptop." (Def. Martinez's Mem. of Law ISO Mot. to Dismiss at 4-5.)

2

insufficient to meet the interstate commerce element of the Hobbs Act offenses. Thus, according to defendants, the Indictment "fails to allege facts and circumstances that could establish the requisite effect on interstate commerce" necessary for federal jurisdiction. (Def. Martinez's Mem. of Law ISO Mot. to Dismiss at 4.) This argument misunderstands the Government's burden at this stage of the proceedings. The Government's burden is minimal at this pre-trial stage. To pass muster, an indictment "need to do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998) (internal citation and quotation marks omitted); see also United States v. Contreras, 776 F.2d 51, 54 (2d Cir. 1985). It "does not need to specify what it was that defendants allegedly conspired to steal or precisely how the conspiracy would have affected interstate commerce." Alfonso, 143 F.3d at 776.

The Indictment plainly fulfills the "tracking" requirement. Although defendants argue that "the evidence does not support the conclusory statements made in the indictment" (Def. Martinez Reply Mem., at 5), the Second Circuit has "never held that an indictment alleging a violation of the Hobbs Act must specify the precise nature of the effect upon interstate commerce that the government intends to prove at trial, and we decline to do so now." Alfonso, 143 F.3d at 776; see also id. (collecting cases from other circuits).

Defendants argue that dismissing the Indictment is proper if the "conduct alleged, even if fully proven at trial, could not establish federal jurisdiction." (Def.

3

Estrella's Mem. of Law ISO Mot. to Dismiss, at 6.)[3]  Yet in a Hobbs Act prosecution, "the requirement of an effect on interstate commerce is itself an element of the offense charged" and "is part and parcel of the inquiry into the general issue of whether a statute has been violated." Alfonso, 143 F.3d at 777 (internal quotation marks omitted).  Therefore, dismissal of the Indictment would only be proper at this juncture if "the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the jurisdictional element of the offence." Id. at 776-77; see also United States v. Perez, 575 F.3d 164, 166-67 (2d Cir. 2009).  It has not done so.  Indeed, the Government has indicated the opposite: that more—as yet undisclosed—facts remain to be proven at trial.  (Gov. Opp. Br. at 9.)  There are certainly ways in which marijuana grown or manufactured out of state could meet the interstate requirement, a laptop could be used to conduct the interstate business, and the cash could represent proceeds from an interstate transaction.  Precisely what the Government will offer as proof for the interstate nexus is a question for trial.

That the Court cannot dismiss the Hobbs Act charges in the Indictment on jurisdictional grounds at this time is clear.  However, there are consequences to such a decision.  While the law does not require that the Government present evidence at this stage to demonstrate an interstate nexus, the reality is that most

---

[3]     Defendants cite United States v. Aleynikov, 676 F.3d 71 (2d Cir. 2012) in support of its position.  However, in Aleynikov, the Court considered defendant's motion dismiss the indictment *after* a trial.  The Court also reversed his conviction because the statutes charged did not encompass the defendant's conduct as a matter of law, not because of inadequacy of facts supporting federal jurisdiction. See id. at 75.

4

defendants do not go to trial, when the government would be put to its proof. It is therefore possible that a state case, by the alchemy of the Hobbs Act, becomes a federal one. This distinction is important, not only because of federalism issues generally, but also based on costs borne by the federal government versus New York State for prosecution, adjudication, and any penalty phase. And, of course, the penalties imposed on a convicted defendant can be vastly different under the two systems, not only at the sentencing stage but also because there is no parole in the federal system.

### B    The Conspiracy Charge

Defendants also argue the conspiracy charge should be dismissed because the Government has not provided evidence that the April 2014 and the March 2015 robberies were part of an ongoing conspiracy instead of distinct acts. (Def. Martinez's Mem. of Law ISO Mot. to Dismiss at 9-11.) Defendants argue that whereas "'a single agreement to commit several crimes constitute one conspiracy,' . . . 'multiple agreements to commit separate crimes constitute multiple conspiracies.' United States v. Broce, 488 U.S. 563, 570-71 (1989)." (Id. at 9.) Here, defendants claim, there is "no evidence to support the allegation that in April 2014 the defendants entered into an agreement to commit multiple robberies . . . ." (Id.) Defendants assert that there is no evidence to establish that in April 2014 "defendants conspired to steal marijuana . . . let alone that they entered into a conspiracy . . . to commit multiple robberies" many months later. (Id.) They contend that the March 2015 robbery was "a spontaneous street mugging" and "not a part of some premeditated plan agreed to back in April of 2014." (Id. at 10.)

5

Therefore, defendants argue, the evidence "points to two distinct acts" in April 2014 and in March 2015, not an ongoing conspiracy.

This argument fails for the same reasons as stated above: the Indictment need only track the language of the statute charged and the time and place of the alleged crime. See Alfonso, 143 F.3d at 776. Here, it does so. It is premature to require the Government to prove its theory as to how the robberies fit together. See also United States v. Alessi, 638 F.2d 466, 472 (2d Cir. 1980) ("The Government . . . has the burden of establishing the conspiracy alleged in the indictment [before] a properly instructed jury.")

III.   CONCLUSION

For the reasons stated above, however, defendants' motions to dismiss the Superseding Indictment are DENIED. The Clerk of Court is instructed to terminate the motions at ECF Nos. 44 and 47.

SO ORDERED.

Dated:   New York, New York
         October 1, 2015

_____
KATHERINE B. FORREST
United States District Judge